(24 Civ. Proc. R. 245.)

AMERICAN DISTRIBUTING CO. v. DISTILLING & CATTLE FEEDING CO.

(Supreme Court, Special Term, New York County. February 18, 1895.)

ATTACHMENT—EXAMINATION OF THIRD PERSON.

On an application to compel a debtor of the attachment defendant to furnish a certificate as to the debt owing from him (Code Civ. Proc. § 650), such debtor cannot terminate the proceeding merely by denying that he is indebted to defendant.

Action by the American Distributing Company against the Distilling & Cattle Feeding Company. Lawrence H. Quinn moves to vacate an order directing him to appear and be examined, under Code Civ. Proc. § 650. Denied.

Holcomb, Martin & Weil, for the motion.
Vanderpoel, Cuming & Goodwin, opposed.

LAWRENCE, J. In this case I am of the opinion that the motion to vacate the order directing Lawrence H. Quinn to appear and be examined, under section 650 of the Code of Civil Procedure,[1] should be denied, with costs, on the ground that the certificate given by him to the sheriff is not sufficient to exempt him from such examination. It has frequently been held that a person required to give a certificate under the above section of the Code could not put an end to the examination by denying the defendant's title to the goods, or by simply saying that he was not indebted to the defendant, against whom the attachment was issued. See Rutter v. Boyd, 3 Abb. N. C. 6; Manufacturing Co. v. Gotthold, 1 Civ. Proc. R. 367; Baxter v. Railway Co., 4 Hun, 630; Seligman v. Falk, 13 Civ. Proc. R. 77. The last two cases were decided by the general term of this department, and, so far as I am aware, have never been reversed. Order signed.

[1] Code Civ. Proc. § 650, provides as follows: "Upon the application of a sheriff, holding a warrant of attachment, the president or other head of an association or corporation, or the secretary, cashier, or managing agent thereof, or a debtor of the defendant, or a person holding property, including a bond, promissory note, or other instrument for the payment of money, belonging to the defendant, must furnish to the sheriff a certificate, under his hand, specifying the rights or number of shares of the defendant, in the stock of the association or corporation, with all dividends declared, or incumbrances thereon; or the amount, nature, and description of the property, held for the benefit of the defendant, or of the defendant's interest in the property so held, or of the debt or demand owing to the defendant, as the case requires."